## W. R. RHODES v. N. D. ALEXANDER.

Decided November 19, 1898.

1. Community and Separate Property—Wife's Mark and Brand.

The fact that cattle are branded with the mark and brand of the wife, duly recorded in her name, is insufficient to raise the presumption that they are her separate property.

2. Practice on Appeal—Cause Remanded, When.

Where the trial court erroneously holds as sufficient to establish a prima facie case the evidence adduced by plaintiff, so that he is probably misled thereby into refraining from offering other evidence, the cause will be remanded for new trial by the appellate court.

APPEAL from the County Court of Hall. Tried below before Hon. WILLIAM PARDUE.

*Ben H. Kelly* and *C. R. Brice,* for appellant.

*J. K. Duke* and *Theodore Mack,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—Appellant levied an alias execution on eight cows and four sucking calves, on March 11, 1898, in Hall County, found in the possession of W. C. Alexander, to satisfy a judgment against said Alexander for $249.85 rendered June 6, 1896, in favor of appellant. On March 14th N. D. Alexander, wife of W. C. Alexander, presented her claimant's affidavit and bond for the cattle, claiming them as her separate property.

The issues made up between the parties under the direction of the court were, on the part of appellant, that the cattle were the community property of W. C. Alexander and the claimant and subject to his levy; while the defendant Mrs. Alexander expressly assumed the burden of proof, and alleged "that, said cattle were her separate property, through mutations of her separate estate invested in cattle that were exchanged for the cattle in controversy."

Under the issues as formed, the appellant was entitled to recover, unless the appellee proved that the cattle were at the time of the levy her separate property. The only evidence she offered was the mark and brand record of Hall County, which showed that on May 12, 1890, she had her mark and brand recorded in the office of the county clerk of said county. It did not show that cattle thus marked and branded were her separate property. The cows levied on were in her mark and brand. The sucking calves were not marked or branded, but were calved by the cows levied on, and they were following their mother cows when levied on. The claimant and W. C. Alexander had been husband and wife for at least eight years. The oldest cows levied on were not more than five years old.

Upon these facts found by the County Court, the learned county judge found the following conclusions of law:

"1.   The claimant having assumed the burden of proof, and having shown that the cattle in controversy were in her recorded mark and brand, raises the presumption that they were her separate property, and the burden of proof then shifted to the plaintiff.

"2.   The inference that the cattle were obtained by the claimant during her marriage with W. C. Alexander will not overcome the presumption that they are and were her separate property.

"3.   The separate property of a married woman is not subject to the payment of the debts of her husband."

These conclusions were duly excepted to, and error is assigned thereto.

We are of opinion that the court erred in holding that the fact that the cattle were in the mark and brand of the wife, which mark and brand had been duly recorded in her name, was sufficient to raise the presumption that they were her separate property, and that the burden of proof then shifted to the plaintiff.   There is nothing contained in the statute on marks and brands which would require or authorize such a construction.   The mark and brand placed on cattle are evidence of ownership when they are recorded, but they would be no higher evidence of ownership or of any separate title in the wife than would be the evidence of a recorded deed to lands conveyed to her.   It is well settled that unless the deed conveying lands to her shows that they are to be held to her separate use, or that the consideration paid therefor was her separate means, the presumption is that they are community property, and may be taken for the debts of the husband, or even conveyed by him without the wife's joining in the deed, unless they should become the homestead.   We know of no law requiring a different construction to be placed on the mark and brand record.   The mark and brand record is evidence of ownership of cattle in the wife just in the same sense that a deed to her is evidence of her title to the land, and in either case, unless the deed or the record shows the property to be her separate estate, the presumption would be that it is community property, if acquired during coverture.

In this case there was not a particle of evidence offered by the claimant to establish her claim.   That offered by her proved prima facie that the cattle were community property, and subject to the levy of appellant. Neither she nor her husband testified in the case, or offered to do so.

The case was tried below without a jury, and comes here on conclusions of fact and of law found by the county judge, as well as upon a statement of facts, and the greatest trouble we have had has been to determine whether we should reverse and render the judgment or remand the cause for a new trial.   The county judge places among his conclusions of fact one that the cattle were the separate property of Mrs. Alexander, and it seems that both his honor and the claimant's attorneys considered that the mark and brand record was sufficient to warrant this conclusion.   It tended to prove exactly the opposite, but she may be able to establish her title on another trial, and probably would have done so

on this, had not the court considered her mark and brand record sufficient to establish prima facie her claim.   So we have at last concluded that the case was not developed below,—was not tried on its merits,—and we are led to believe by the record that the claimant and her counsel were probably misled into error by the views of the court, and that under such circumstances it would not be proper and just to render the judgment here; and we therefore order that the judgment herein be reversed and the cause remanded for a new trial.   Smyth v. Lumpkin, 62 Texas, 245; Hays v. Tilson, 35 S. W. Rep., 515.

*Reversed and remanded.*