**MASON et al. v. CRUMP et al.**
**No. 15373.**

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 16, 1953.

Rehearing Denied Feb. 13, 1953.

Jas. D. Buster, of Sherman, for appellants.

Cecil Murphy, of Gainsville, for appellees.

RENFRO, Justice.

Suit was brought by Edna Mason, Rhoda Sheegog, and Dora Mitchell, children of R. M. Crump by his first marriage, against their brother, Marvin Crump, and their half sisters and brother, May Walker, Clara Crump, and Raymond Crump, child-

ren of the second marriage of their father, and R. M. Crump for partition of certain described land in Cooke County, Texas. Marvin Crump defaulted. The other defendants denied any ownership or interest of plaintiffs in the land, and by cross-action asserted the land was purchased during the second marriage of R. M. Crump and was community property of said marriage.

Trial was to the court without a jury and judgment rendered that plaintiffs take nothing.

Appellants take the position the judgment is contrary to the evidence.

Crump's first wife, mother of appellants, died intestate on May 16, 1895. The said Crump married Elvie Crump on February 27, 1896; she died intestate on January 1, 1948.

A 60.4-acre tract of land was acquired by Crump on February 21, 1901, for a recited consideration of $400 cash and $200 evidenced by vendor's lien notes; a 20-acre tract on November 15, 1905, for a recited consideration of $100 cash and the execution of a $100 vendor's lien note; and a 25-acre tract on September 25, 1917, for a recited consideration of $100 cash and $300 in vendor's lien notes. It is seen that the three separate tracts were acquired five, ten and twenty years respectively after Crump's marriage to Elvie, his second wife.

The appellants Mrs. Sheegog and Mrs. Mitchell attempted to prove that certain property belonging to the community estate of Crump and his first wife was used as part payment on the property herein involved.

No evidence whatsoever was introduced showing any community property of the first marriage going into the purchase of the last two tracts of land hereinabove mentioned. Clearly the trial court was correct in denying them any interest in said two tracts of land.

In an effort to prove that part of the purchase price for the 60.4-acre tract of land was out of the community funds of Crump and his first wife, the witnesses testified to a confusing number of horse, mule, cattle and real estate trades, begin-

ning in Missouri and extending through a period of several years when the Crump family lived first in Plainview, Texas, then in the Oklahoma Territory, and finally in Cooke County, Texas. Crump was an extensive trader in livestock. One witness finally stated that two cows belonging to the community estate of her father and mother went into the purchase price of the 60.4-acre tract, and another witness that one cow went into the purchase price. Neither witness attempted to place any value on such stock.

As stated above, the mother of appellants died in 1895. So the various livestock trades, etc., related by them occurred more than fifty years ago and prior to the time the witnesses reached the ages of nine and eleven respectively.

Crump went to Cooke County to make the trade for the 60.4-acre tract; the witnesses remained in Oklahoma, hence were not present when the land was bought.

It was stipulated by the parties during the trial that R. M. Crump, due to an infirmity, was incompetent to testify.

Since the property was acquired during the marriage of Crump and his second wife, it is presumptively community property. Edrington v. Mayfield, 5 Tex. 363; Clark v. Thayer, 98 Tex. 142, 81 S.W. 1274; Ross v. Martin, 104 Tex. 558, 140 S.W. 432, 141 S.W. 518; Wideman v. Coleman, Tex.Com.App., 17 S.W.2d 786; Epperson v. Jones, 65 Tex. 425; Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072. While the presumption is not conclusive, the burden of proof rested on the appellants to prove that a part of the purchase price came from the community of Crump and his first wife or the separate estate of his first wife, and they had the burden of establishing such fact by clear and convincing evidence. Finley v. Pafford, Tex.Civ. App., 104 S.W.2d 163; Speer, Law of Marital Rights, 3rd Ed., sec. 298. Where, as in this instance, the property has not been preserved in specie or in kind but has undergone mutations and changes, it is indispensable to maintain its separate character that it be clearly and indisputably traced and identified. Chapman v. Allen, 15 Tex.

278; Lindemood v. Evans, Tex.Civ.App., 166 S.W.2d 774.

The evidence that any portion of the purchase price of the 60.4-acre tract came from the community estate of Crump and his first wife is not clear, satisfactory and convincing, and therefore the presumption must prevail that the property involved was the community property of Crump and his second wife. At the most, the testimony of appellants did no more than raise an issue as to whether community property of their mother went into the payment on the 60.4-acre tract.

The trial court was the judge of the credibility of the witnesses and the weight to be given their testimony and, in view of the inconsistent, contradictory and inconclusive nature of the testimony of appellants, was justified in finding that appellants failed to overcome the presumption that the land was the community property of Crump and his second wife, Elvie Crump.

The judgment of the trial court is affirmed.

BOYD, J., not sitting.