Robert R. WARD, Appellant,

v.

Elven HASTY, Appellee.

No. 10426.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1956.

Clyde Vinson, San Angelo, for appellant.

Walter Goldberg, San Angelo, for appellee.

GRAY, Justice.

Appellee sued appellant and alleged that he purchased an automobile from Halcy Motor Company in San Angelo; that he and appellant agreed that appellant would finance the purchase of said automobile in the total sum of $300 which was to be paid at the rate of $25 per month, and that appellant agreed that upon the final payment of said sum he would release the lien given as security for its payment.

Appellee alleged the full and final payment of said $300, a demand for a release of the lien for $300 as shown on the certificate of title to said automobile and appellant's refusal to release said lien.

Appellant answered, admitted the purchase of the automobile as alleged by appellee, that he financed the purchase thereof and alleged that appellee executed to him a "Purchase Money Chattel Mortgage"

in writing which stipulated that the unpaid purchase price of said automobile was $375 payable to appellant in monthly installments of $25 each and provided for interest thereon after maturity at the highest legal contract rate and for an attorney's fee of 15 per cent of the amount due in case of default in payment. He alleged that the title certificate to said automobile, by mutual error, showed a lien for $300 when in fact the actual amount of the unpaid purchase price secured by a lien on said automobile was $375. He prayed for judgment for $75, interest, attorney's fee and for foreclosure of his lien.

A nonjury trial was had and a judgment was rendered adjudging full payment to appellant of said sum of $300, releasing the lien therefor and denying appellant any relief on his cross action.

Findings of fact and conclusions of law were not requested and none were filed.

It appears undisputed that appellee purchased the automobile from Haley Motor Company for $395 and that $95 of this amount was allowed appellee for an automobile he traded in and that $300 was the balance due to the Motor Company.

The tax collector's receipt for title certificate application, the certificate of title and a policy of insurance all issued to appellee listed a first lien on the automobile for $300 and listed "none" for second lien. Appellee and his wife both testified that they agreed to pay appellant $300 at the rate of $25 per month and that he agreed that when the final payment of $25 was paid he would release the lien. They testified that appellant made the transfer of the automobile from Haley Motor Company, "fixed up" the application for a title certificate and went to the tax collector's office and completed the application for such certificate. They said that when the Purchase Money Chattel Mortgage was signed it was blank with no writing on it.

Appellant testified that the $300 was the purchase price of the automobile without insurance, interest and carrying charges and that with these charges the original purchase price was $375. He said that the Purchase Money Chattel Mortgage was filled out by him and was signed at the time of the purchase and that the recital of the certificate of title of a lien for $300 was error.

Appellant did not deny that he agreed to release the lien for $300 upon the final payment of $25 of that amount being paid to him. Also appellee did not deny that he owed interest and carrying charges on the $300, or that he owed for the insurance policy. In fact he made no mention or explanation of these items.

There appears to be no dispute that the $300 has been paid to appellant as alleged and testified to by appellee, nor that the $75 due under the terms of the Purchase Money Chattel Mortgage has not been paid.

■ Under this record appellee alleged and testified to a cause of action against appellant—the agreement to release the lien for $300, and appellant's answer and testimony presented a cause of action against appellee—his right to a recovery on the Purchase Money Chattel Mortgage. It is our opinion that the parties were entitled to testify in support of their cause of action and in defense of that urged against them without verified answers and that in so doing they did not violate the parol evidence rule. The execution of the respective instruments was not denied under oath. See Rules 82, 92 and 93, Texas Rules of Civil Procedure. Moreover appellant alleged mutual mistake in the lien.

■ Here the rights of third parties have not intervened and the rights of the parties to this suit are not governed by the provisions of the Certificate of Title Act, Art. 1436-1, Sec. 44, Vernon's Ann.

P.C.; Birdwell v. Pacific Finance Corp., Tex.Civ.App., 259 S.W.2d 957.

Appellee and his wife said the Purchase Money Chattel Mortgage was signed but said it was then blank. They did not explain the purpose in giving it or deny an indebtedness to appellant additional to the $300. Under this state of the record a binding obligation in favor of appellant is shown.

Sec. 14 of Art. 5932, ·Vernon's Ann. Civ.St., in part provides:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time  *  *  *."

In ·Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677, 679, the Court said:

"Long before the Negotiable Instruments Law was in force, the general rule was announced that where a party to a negotiable instrument intrusts it to the custody of another, with blanks not filled in, such negotiable instrument carries on its face an implied authority to fill in the blanks and perfect the instrument, so far as consistent with its printed words."

Under the record before us the Purchase Money Chattel Mortgage was a valid and outstanding obligation and lien on the automobile in favor of appellant and against appellee.

Insofar as the trial court's judgment awards appellee a release of the lien "on the Texas Certificate of Title" to said automobile the same is affirmed. Otherwise the judgment is reversed and judgment is here rendered that appellant recover of appellee judgment for $75, interest, attorney's fee and foreclosure of his Purchase Money Chattel Mortgage lien.

Affirmed in part and in part reversed and rendered.