**Robert L. LUSK et ux., Appellants,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

**No. 168.**

Court of Civil Appeals of Texas.

Tyler.

Nov. 4, 1965.

James W. Falvey, Jr., Longview, for appellants.

Henry Atkinson, Atkinson & Price, Longview, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Appellants, Robert L. Lusk and wife, Virginia Lusk, purchased a Chevrolet automobile from Tom Price Motor Company. As a part of the purchase price, they traded a Dodge automobile. Robert L. Lusk duly executed a conditional sales contract agreeing to pay for the Chevrolet automobile in 36 monthly installments. Virginia Lusk, although with knowledge of the transaction, did not sign the conditional sales contract. The conditional sales contract was immediately assigned to the appellee, General Mo-

tors Acceptance Corporation, hereinafter referred to as GMAC. Upon the request of Virginia Lusk and her husband, the certificate of title was issued in her name, but reflected the lien retained by GMAC. After appellants had paid four monthly installments, GMAC by mistake, signed and stamped a release of the certificate of title lien on the original title and forwarded same by mail to Virginia Lusk. Appellants thereafter made no further payments and GMAC instituted this suit against Robert L. Lusk seeking to foreclose the chattel mortgage lien and ancillary thereto secured custody of the automobile under a writ of sequestration. GMAC also secured a temporary restraining order, restraining the Department of Public Safety from transferring the certificate of title pending outcome of the original suit. Eight days thereafter, the appellants replevied the automobile.

Appellants answered and filed a motion to dissolve the temporary restraining order and at the same time filed a cross action for damages, alleging that the automobile was the separate property of Virginia Lusk and by reason thereof, she was a necessary party to the suit; hence, the sequestration of the automobile without notice to her was wrongful for which she was entitled to actual as well as exemplary damages.

Prior to the hearing on the motion for summary judgment, GMAC filed an amended petition in which Virginia Lusk was made a party to the suit. After a hearing, the court rendered a summary judgment for GMAC foreclosing the lien and appellants perfected this appeal.

Basically, appellants' Points of Error contend that (1) the Dodge automobile traded in as a part of the purchase price for the Chevrolet was the separate property of Virginia Lusk, thus requiring that she be made a necessary party to the suit, and the sequestration without notice to her was wrongful, thus creating an issue of fact as to damages, and (2) the certificate of title being in her name when GMAC, by mistake released the

lien, she owned a clear title to the automobile as her separate property and appellee was thereby relegated to its remedy to reform the instrument; hence they contend that causing a writ of sequestration to issue prior to a reformation was wrongful and therefore the question of damages became a fact issue.

If the automobile was the separate property of Mrs. Lusk, cr if such an issue was raised by the pleadings, affidavits and other evidence, a summary judgment would be improper because appellants would then be entitled to a trial, not only on the issue of ownership, but also on the question of damages. On the other hand, if the pleadings, affidavits and other evidence did not raise any fact issue with regard to her separate ownership of the automobile, there would, of course, be no question of fact on that issue and the question of damages would become immaterial.

It is without dispute that the appellants are husband and wife and had lived together for over ten years prior to the time they acquired the automobile. We are therefore met at the outset with the legal proposition that all property acquired during marriage is presumptively community property. Article 4619, V.A.T.S.; Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072; Mason v. Crump (Tex.Civ.App.), 254 S.W. 2d 831. While the presumption is not conclusive, it suffices to make a prima facie case. In order to overcome the presumption, the burden of proof rested on appellants to prove that the purchase price of the automobile, or at least a part thereof, came from the separate estate of Virginia Lusk. Rhodes v. Alexander, 19 Tex.Civ. App. 552, 47 S.W. 754; Byrn v. Kleas, 15 Tex.Civ.App. 205, 39 S.W. 980. The only evidence offered in opposition to the presumption which we have been able to find is contained in the affidavit filed by the appellants wherein they state:

"* * * At the time we were married I (Virginia Lusk) owned as my separate property one new 1953 Red and White 4 door Oldsmobile Super 88 Sedan of the approximate value of $3,000.00. * * * Every car which my husband Robert L. Lusk and I have owned since our marriage has been licensed and the certificate of title issued in my name. * * *"

By deposition, Mr. Lusk testified that the car was a family car and that both he and his wife were the owners. Mrs. Lusk testified in her deposition that although she licensed the automobile in her name, her husband gave her that privilege and that she knew it belonged as much to Mr. Lusk as to her. We have concluded that this evidence is not sufficient to overcome the presumption of community property because where, as in this instance, the property has not been preserved in specie or in kind, but has undergone mutations or change, it is indispensable to maintain its separate character that it be clearly and undisputedly traced and identified. Mason v. Crump, supra; Citing Chapman v. Allen, 15 Tex. 278; Lindemood v. Evans (Tex.Civ.App.), 166 S.W.2d 774.

No attempt was made to trace the separate funds contributed by her through the successive purchases of other automobiles during the ten-year period of their marriage. Evidence of the mere possession of separate funds prior to the purchase of the property in question is not sufficient to rebut the community presumption. Finley v. Pafford (Tex.Civ.App.), 104 S.W.2d 163.

The evidence presented by appellants not only falls short of overcoming the presumption, but is also insufficient to raise a fact issue on the question of whether or not the automobile was her separate property. Hence, the presumption of community must prevail. Her separate interest in the automobile not having been traced and identified, she would have no rights to be protected and the claim for damages based thereon would be without foundation. The controversy resolves itself into a dispute

over community property and under such circumstances, it is elementary that the wife is not a necessary party to the suit. Silas v. Butler (Tex.Civ.App.), 285 S.W.2d 266, err. ref.

We turn now to the question raised in connection with the certificate of title. The mere fact that Mrs. Lusk was designated as the owner in the certificate of title does not necessarily mean that she owned the automobile as her separate property. Appellants, nevertheless, take the position that when GMAC released the lien, she became the sole owner and that her title was good as against the world, regardless of the chattel mortgage executed by her husband. They therefore contend that GMAC had no right to sequestrate the automobile without first bringing suit for a reformation of the instrument, and hence the sequestration was wrongful.

In Pioneer Mut. Compensation Co. v. Diaz (Tex.Civ.App.), 178 S.W.2d 121, the court held:

"* * * The Certificate of Title Act, Art. 1436–1, Vernon's Penal Code, declares the legislative purpose and intent, Sec. 1, to be to lessen and prevent theft, the importation and traffic in stolen motor vehicles, and to enforce a disclosure of all liens and encumbrances. The act does not prohibit the registration of a motor vehicle in the name of one other than the true owner, nor render the title invalid or prohibit the passing of title in such event. It merely provides, after the first sale the title shall pass and vest only by a transfer of the certificate of title, Sec. 33, by the owner designated in the certificate of title. 'Owner designated,' indicates an owner may be different from the true owner." (Emphasis supplied.)

In Birdwell v. Pacific Finance Corp. (Tex.Civ.App.), 259 S.W.2d 957, the court pointed out that:

"* * * Secs. 42 and 44 of Art. 1436–1, Penal Code, declaring unen-

forceability of liens on motor vehicles, are with reference to third parties. Such a lien is good as between vendor and vendee in the initial mortgage transaction, even though not noted on the certificate of title. * * *"

Where, as here, the rights of third parties have not intervened, the foregoing provisions of the act do not apply. Birdwell v. Pacific Finance Corp., supra; Ward v. Hasty (Tex.Civ.App.), 295 S.W.2d 433; Coffield v. International Harvester Company (Tex.Civ.App.), 359 S.W.2d 211.

We recognize the "administrative presumption" that the person named in the certificate is deemed to be the owner. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202. Such presumption, however, is a mere "administrative presumption" and standing alone would not constitute evidence sufficient to overcome the legal presumption of community.

Appellants admit that they were in arrears in their payments. Absent proof showing her separate ownership, which is the state of record, the presumption of the law that property acquired by either husband or wife during marriage belongs to the community estate of the husband and wife, controls in this case. Merely showing that she was designated as the owner in the certificate of title would not, without further proof, be sufficient to overcome the presumption of community and therefore the basis of the wrong complained of by her in the cross action is without foundation. No issue of fact having been raised on the question of her separate ownership, the question of damages becomes immaterial and therefore the summary judgment was proper.

By the remaining point, appellants suggest that the judgment should be reformed because it allows interest at the rate of six per cent of the unpaid balance due and owing on the automobile in the amount of $2,911.66. The argument is that the conditional sales contract shows on its

face that the sum of $561.10 was included in the conditional sales contract as interest and to allow appellee to recover six per cent interest on the judgment until paid would be to allow appellee "interest on interest."

The conditional sales contract reveals that the appellants agreed to purchase the automobile on what is known as a time credit or deferred price rather than at the cash price. Appellants had the option of paying cash price or accepting the time credit price, but accepted the latter. The credit price was $2,897.28 which included the sum of $561.10, which contrary to appellants' contention, was designated not as interest, but only as "finance charges." These charges were properly specified on the conditional sales contract as required by the provisions of Article 5074a, V.A.T.S.

Appellants make no attack upon the conditional sales contract nor do they contend that the appellee failed to comply with the statute allowing time prices to be charged for motor vehicles under the provisions of 5074a, supra.

Section 1 of Article 5074a recites that it is now recognized as a part of the jurisprudence of this state that a seller may have a cash price for his commodities and may also have a different and higher time credit price for the same commodity, and that such differential in said prices does not constitute interest for the forbearance, use or detention of money or credit. Lamb v. Ed Maher, Inc. (Tex.Civ.App.), 368 S.W. 2d 255.

If the price differential does not therefore constitute interest on the debt, we fail to find any merit in the contention that the provision for interest on the judgment would allow appellee "interest on interest." The point is therefore overruled.

The judgment of the trial court is affirmed.

Affirmed.