No. 04-98-00193-CR



Luis ELIZONDO,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th District Court, Bexar County, Texas


Trial Court No. 96-CR-3358


Honorable Raymond Angelini, Judge Presiding



Opinion by: John F. Onion, Jr., Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 John F. Onion, Jr., Justice(1)


Delivered and Filed: March 31, 1999


AFFIRMED


 This is an appeal from a conviction for possession of cocaine in an amount less than one
gram. See Tex. Health & Safety Code Ann. § 481.115(b)(Vernon Supp. 1999). Appellant
entered a plea of guilty before the trial court. The trial court found the evidence sufficient to support
the guilty plea, but placed appellant on deferred adjudication -- community supervision for five
years subject to certain conditions. Appellant gave notice of appeal in order to appeal the trial
court's ruling on the motion to suppress evidence.

POINTS OF ERROR


 Appellant advances four points of error. In the first three points appellant contends that the
trial court erred in overruling the motion to suppress evidence under (1) the Fourth and Fourteenth
Amendments to the United States Constitution; (2) Article I, section 9 of the Texas Constitution; and
(3) article 38.23 of the Texas Code of Criminal Procedure. See U.S. Const. amend. IV; U.S. Const.
amend. XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 1999).
In the fourth point of error, appellant urges that the trial court erred in admitting State's exhibit no.
1 at the suppression hearing because it did not meet the requirements of Rule 901 of the Texas Rules
of Evidence. See Tex. R. Evid. 901.

THE MOTION TO SUPPRESS 


 Appellant filed three pretrial motions to suppress evidence. See Tex. Code. Crim. Proc.
Ann. art. 28.01 (Vernon 1989). No record reference is made to the motion in question. Only one
was ruled on by the trial court. This was obviously the one to which appellant has reference.(2) This
motion sought to suppress any evidence seized from appellant's person incident to an arrest pursuant
to a warrant and affidavit which did not allege sufficient facts to establish probable cause.

 A motion to suppress is nothing more than a specialized objection to the admissibility of
evidence. See Galitz v. State, 617 S.W.2d 949, 952 n. 10 (Tex. Crim. App. 1981). As such it must
meet the requirements of an objection. See Mayfield v. State, 800 S.W.2d 932, 935 (Tex. App.--San
Antonio 1990, no pet.). An objection must be timely made with sufficient specificity to make the
trial court aware of the complaint. See Tex. R. App. P. 33.1(a)(1)(A). Broxton v. State, 909 S.W.2d
912, 918 (Tex. Crim. App. 1995). The requirement of specificity is both to inform the trial judge
of the objection's basis and to provide opposing counsel the opportunity to remove the objection or
supply other testimony. See Long v. State, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990); Callahan
v. State, 937 S.W.2d 553, 557 (Tex. App.--Texarkana 1996, no pet.). The suppression hearing was
conducted on the objection contained in the motion to suppress as set out above.

Facts 


 San Antonio Police Officer John Riojas testified at the suppression hearing that about 10:15
p.m. on May 30, 1996, he and his partner, Alex Conejo, were patrolling on the west side of town
when they arrived at the Packers Inn, a bar. Riojas described the location as a high crime area where
he had made numerous "dope cases." As he drove by, Riojas saw a group of seven men on the bar's
patio. One of the men, later identified as appellant, turned to leave, placed "something" in his pants
pocket, and appeared alarmed at the sight of the uniformed officers. Riojas suspected, based on his
experience with narcotic drug cases, that some type of criminal activity was afoot. Riojas and his
partner approached the seven men and asked for identification. Appellant was the only one found
to have an outstanding arrest warrant. Officer Riojas related that he arrested appellant after verifying
the arrest warrant for an unpaid traffic ticket. A search of appellant's person pursuant to the warrant
produced cocaine in appellant's pants pocket.

 On cross-examination, Officer Riojas testified that he honestly could not recall the exact
point at which he may have handcuffed appellant. The officer's offense report did not reflect any
pre-arrest handcuffing. Riojas related that he may have handcuffed appellant shortly before learning
of the warrant but this would have been based on appellant's action and for the safety of appellant
and himself.

 The State offered State's Exhibit No. 1 which contained, inter alia, the original traffic ticket,
the arresting officer's statement of probable cause, and warrant which was outstanding at the time
of appellant's arrest.

 Appellant testified that he was alone and was entering the Packers Inn when he was grabbed
by Officer Riojas, thrown to the ground, and handcuffed. Appellant claimed that the officer first
found the contraband in his pants pocket, and then found his wallet from which the officer obtained
his identification. Appellant denied knowing that there was an outstanding warrant until he arrived
at the police station.

 At the conclusion of the two-witness suppression hearing, the trial court denied the
suppression motion. Appellant made no argument that the evidence supported his contention
advanced in his suppression motion -- that the arrest warrant was not supported by probable cause.
He did not urge any other legal theory that the search was illegal.

The Standard of Review


 In a suppression hearing, the trial court is the sole trier of fact and the judge of the credibility
of the witnesses and the weight to be given their testimony. See Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The
trial court may accept or reject any or all of a witness's testimony or evidence offered. See Alvarado
v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).

 Guzman v. State clarified that standard of review to be used by appellate courts in reviewing
a trial court's order on a motion to suppress evidence. 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
An appellate court must give "almost total deference" to a trial court's determination of historical
facts which are supported by the record. Id. at 89. This is especially true when the trial court's
findings are based on an evaluation of the credibility and demeanor of the witnesses. Id. Without
a lengthy elaboration on the standard discussed in Guzman, we observe that while great weight
should be given to inferences drawn by trial judges and law enforcement officers, determinations of
probable cause and reasonable suspicion should be reviewed de novo on appeal. Id. at 87; see also
Hunter v. State, 955 S.W.2d 102, 105 (Tex. Crim. App. 1997). Guzman followed the lead of
Ornelas v. United States, 517 U.S. 690 (1996). In Ornelas, the United States Supreme Court stated
that "the legal rules for probable cause and reasonable suspicion acquire content through
application. Independent review is therefore necessary if appellate courts are to maintain control of,
and to clarify legal principles." Ornelas, 517 U.S. at 697.

Application of Standard


 In the instant case, it is clear that the trial court chose to believe the police officer rather than
appellant at the suppression hearing. Giving "almost total deference" to the trial court's fact
findings, and reviewing de novo the issue of probable cause as reflected by the warrant and other
supporting papers, we conclude there was probable cause to support the warrant upon which the
arrest was based, and that the search incident to arrest was proper and its fruits admissible. On
appeal, appellant has made no attempt to support the contention advanced in his motion to suppress.
The trial court did not err in overruling the suppression motion as presented.

 On appeal, appellant, in fact, has abandoned his claim that the search incident to arrest was
illegal because the arrest warrant was not supported by probable cause. In his first three points of
error, appellant talks in terms of the arresting officer acting on a "mere hunch," the lack of
"reasonable suspicion" for detention, and a warrantless arrest.(3) These matters were not the basis for
appellant's motion to suppress. The trial court was not called upon to rule upon these matters at the
suppression hearing, and the State was not given the opportunity to remove any objection or to
supply other testimony. See Long, 800 S.W.2d at 548; Zillender v. State, 557 S.W.2d 515, 517 (Tex.
Crim. App. 1977). The complaint on appeal must comport with the trial objection or nothing is
presented for review. See Broxton, 909 S.W.2d at 918.

 In State v. Mercado, the Court of Criminal Appeals recently observed that ordinarily motions
of procedural default should apply equally to the defendant and the State. 972 S.W.2d 75, 78 (Tex.
Crim. App. 1998). In Mercado, the State was in the role of appellant, not appellee, its usual position
as a party. Id. at 77. The Court held that in cases in which the State is the appealing party, the basic
principle of appellate jurisprudence that points of error not argued at trial are deemed waived applies
equally to the State and the defense. Id. at 78. Thus, the Court found that a court of appeals could
not find a challenged search to be valid on a theory that was not presented to the trial court but was
raised by the State for the first time on appeal. Id. In Mercado, the defendant was stopped for a
traffic offense. He was subsequently arrested for driving while his license was suspended. In an
inventory search of the items in appellant's car, the officers found a zippered bank bag. Believing
money was inside which needed to be inventoried, the officers opened the bank bag and found
cocaine and marihuana. Id. at 76.

 The defendant filed a motion to suppress the evidence, relying on federal and state
constitutional provisions and provisions of the Texas Code of Criminal Procedure. At the
suppression hearing, the State relied on the inventory search doctrine and the need to determine the
amount of money in the bag. The trial court granted the motion to suppress on the basis the police
had improperly opened a closed container pursuant to an inventory. Id. (citing Autran v. State, 887
S.W.2d 31 (Tex. Crim. App. 1994)). The State appealed the trial court's ruling but switched its
theory. Id. The State argued that the search of the car was incident to arrest and that under both
federal and states cases the search of a closed container was proper when incident to a valid custodial
arrest. Id. In Mercado, the switch in theories on appeal by the appealing party was not approved.
Id. at 78.

 In the instant case, appellant is not able to switch its theories as to the validity of the search
for the first time on appeal. The first three points of error are overruled.

 In the fourth point of error, appellant contends that the trial court erred in admitting State's
Exhibit No. 1 at the suppression hearing as it did not meet the standards required by Rule of
Evidence 901. See Tex. R. Evid. 901.(4)

 At the suppression hearing, the State offered State's Exhibit No. 1, a packet of papers from
the Municipal Court of the City of San Antonio. Appellant's objection was that the exhibit did not
contain certified copies from the Municipal Court. There was no objection on the basis of Rule 901.
Appellant's objection was overruled. Our examination of the exhibit shows that the Clerk of the
Municipal Court certified each page as being a record of the Municipal Court. The exhibit
contained, inter alia, the traffic ticket, a formal sworn complaint, an independent statement of
probable cause, and a capias or warrant for appellant's arrest which was outstanding at time of
appellant's arrest. There was no merit to appellant's objection as the copies were certified.
Appellant has not shown how Rule 901 was violated or how he was harmed.(5)

 In the instant case appellant claimed that the search incident to the arrest was illegal because
the arrest warrant and the supporting papers did not reflect probable cause. If the State intends to
justify the arrest on the basis of a warrant, it is incumbent upon the State to produce the warrant "for
the inspection of the trial court for determination of its sufficiency." See Miller v. State, 736 S.W.2d
643, 648 (Tex. Crim. App. 1987) (quoting Gant v. State, 649 S.W.2d 30, 32 (Tex. Crim. App. 1983),
McKay v. State, 707 S.W.2d 23, 34 n.4 (Tex. Crim. App. 1985).

 Russell v. State discusses the burden of proof and the procedure to be followed upon a
suppression hearing. 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986). The defendant has the burden to
establish that a search and seizure occurred and that no warrant was obtained. Id. at 9. If this burden
is satisfied, the burden of proof shifts to the State. Id. If the State produces a warrant and
demonstrates it to the trial court, the burden is shifted back to the defendant. Id. at 10.

 The State introduced the packet of papers from the Municipal Court so that the trial court
would have the opportunity to determine whether probable cause existed for appellant's arrest
pursuant to a warrant particularly in view of appellant's contention advanced in his suppression
motion. Cf. Brochu v. State, 927 S.W.2d 745, 749 (Tex. App.--Houston [14th Dist.] 1996, pet.
ref'd), cert. denied, 118 S.Ct. 54 (1997) (district court file was shown to trial judge at suppression
hearing to demonstrate warrant was for defendant and was supported by probable cause). The
procedure followed was proper. The fourth point of error is overruled.

 The judgment is affirmed.


 JOHN F. ONION, JR.

 JUSTICE


DO NOT PUBLISH



1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.
2. One of the other motions to suppress claimed an illegal search of appellant's truck and sought to suppress
evidence therefrom. The record does not reflect any search of a truck. The other motion to suppress sought to
suppress appellant's confession. Nothing in the record reflects a pretrial confession.
3. It would be difficult to say that these points meet the requirements of the briefing rules. See Tex. R. App.
P. 38.1(h).
4. Appellant does not inform us of the subsection of Rule 901 upon which he relies. We construe his
complaints as challenging the admissibility under Rule of Evidence 901(7), relating to public records and reports.
5. On appeal, appellant cites "Martinez v. State, 254 S.W.2d 831 (Tex. App.--Houston [1st Dist.] 1988, no
pet." We have been unable to locate this citation.

Return to
Fourth Court of Appeals