

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HOMER A. STILLWELL, III; ELIZABETH ROBERTSON, MARGUERITE H. BENSON, ADAM LEIGHTON, III, AND BLACK MOUNTAIN OPERATING, LLC, | § § § § | No. 08-21-00131-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| JOHN F. STEVENSON, BORDEN W. STEVENSON, JOAN PIRIE LECLERC, JOHN T. PIRIE, SOPHIE H. PIRIE, BLAKE OIL AND GAS CORPORATION, MDJ MINERALS, L.L.P., WADE P. KOEHL, AND AOG PERMIAN PARTNERS, LTD., | § § § § | of Reeves County, Texas (TC# 21-06-24028-CVR) |
| Appellees. | § | |

**OPINION ON REHEARING**

We deny Appellants' motion for rehearing. On our own motion the opinion issued on November 30, 2022, is withdrawn, and we vacate the judgment of that date. This is now the opinion of the Court.

This case involves the disputed ownership of an undivided one-eighth mineral interest located in Reeves County. For the following reasons, we reverse the trial court's order and remand for further proceedings.

1

## FACTUAL AND PROCEDURAL BACKGROUND

John Borden (John) and Courtney Letts Borden (Courtney) married on March 14, 1925, and divorced on July 1, 1933. In anticipation of their divorce, John and Courtney executed a separation agreement concerning the division of property and guardianship of their child. The agreement incorporates Illinois law and states it "shall be bindings upon the heirs . . . of the parties hereto." Soon after, a Nevada district court rendered a divorce decree which resolved all division-of-property issues by incorporating the separation agreement. Both John and Courtney were married multiple times and had several children.

During their marriage, and while living in Illinois, John acquired from A.B. Carothers an undivided one-eighth mineral interest in property located in Reeves County. Heirs of John (John Borden Heirs) and Courtney (Courtney Borden Heirs) claim their respective interests in the disputed mineral property and have assigned to various parties any interest they hold in the property or executed related oil and gas leases concerning the property. The dispute essentially hinges on whether the mineral interest is properly characterized as separate or community property at the time John acquired it.

Because the John Borden Heirs and Courtney Borden Heirs have made competing claims as to the ownership rights of the one-eighth mineral interest at issue, EOG Resources, Inc.—an oil and gas company to which two of the Courtney Borden Heirs assigned their purported mineral interests—filed an interpleader action in Reeves County. The John Borden Heirs responded by filing an answer, which generally denied all allegations in EOG's interpleader but asserted no crossclaims, and a motion for summary judgment, which purported to establish the John Borden Heirs as "the true and rightful owners" of the disputed mineral interest.

The Courtney Borden Heirs responded, contending the John Borden Heirs' motion should be denied because, among other things, it did not identify the grounds on which summary judgment

2

was sought as required by Texas Rule of Civil Procedure 166a(c). They filed a joint amended answer, asserting affirmative defenses, special exceptions, and a trespass-to-title crossclaim. The Courtney Borden Heirs also filed a cross motion for partial summary judgment, contending the John Borden Heirs cannot prevail in their trespass-to-title action because they cannot establish a prima facie title to the interest through a common source, and even if they could, the Courtney Borden Heirs have superior title because the community-property presumption applied when John acquired the mineral interest.

Two days before the summary judgment hearing, the John Borden Heirs filed an amended answer, asserting affirmative defenses and alleging trespass-to-title, declaratory judgment, and quiet title crossclaims and seeking attorney's fees; however, they did not amend their pending motion for summary judgment to incorporate those claims. The Courtney Borden Heirs moved to strike the amended pleading as untimely and objected to summary judgment evidence appended to the John Borden Heirs' motion.

On April 18, 2019, the trial court held a hearing on the competing motions for summary judgment. Following the hearing and additional briefing requested by the court at the hearing, the trial court granted the John Borden Heirs' motion for summary judgment, denied the Courtney Borden Heirs' motion for summary judgment, and denied the Courtney Borden Heirs' special exceptions and motion to strike summary judgment evidence. In its order, the trial court noted it considered "the Courtney Borden Heirs' Motion, the John Borden Heirs' Motion, the Courtney Borden Heirs' response to the John Borden Heirs' Motion, the summary judgment evidence, the pleadings and the arguments of counsel;" however, the trial court did not specify upon which claims its summary judgment grant was based. The trial court subsequently severed the John Borden Heirs' and Courtney Borden Heirs' claims into a new cause separate from the original interpleader action and rendered a final judgment in the new cause based upon the summary

3

judgment rulings. The Courtney Borden Heirs appealed, contesting the trial court's evidentiary and summary judgment decisions.

## STANDARD OF REVIEW

### A. Evidentiary Objections

We review the admission or exclusion of summary judgment evidence for abuse of discretion. *Hawxhurst v. Austin's Boat Tours*, No. 08-19-00257-CV, 2020 WL 5094673, at *2 (Tex. App.—El Paso Aug. 28, 2020, no pet.) (mem. op.) (citing *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 157 (Tex. App.—Austin 2017, pet. denied)). A trial court abuses its discretion by acting without reference to any guiding rules or principles. *Id.*

### B. Summary Judgment

We review summary judgments *de novo. McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 521 (Tex. App.—El Paso 2020, no pet.). In a traditional summary-judgment motion, the moving party bears the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* If both sides move for summary judgment and the trial court grants one but denies the other, we review all summary-judgment evidence and determine all questions presented, issuing the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## ANALYSIS

### A. Preliminary evidentiary considerations

The Courtney Borden Heirs first raise two threshold evidentiary objections: They argue a demonstrative flowchart exhibit the John Borden Heirs appended to their motion for summary judgment and census records from 1920 and 1930 the John Borden Heirs included with their post-hearing supplemental brief do not constitute competent summary judgment evidence.

As to the flowchart, the Courtney Borden Heirs contend the trial court erred by denying their

motion to strike this exhibit because it is an unsworn, unauthenticated document. The John Borden Heirs maintain it was merely provided as a demonstrative aid for the trial court, and they do not seek for us to utilize or consider the exhibit on appeal. We agree the flowchart is not authenticated and therefore not competent summary judgment evidence. *Hernandez v. Gallardo*, 594 S.W.3d 341, 345 (Tex. App.—El Paso 2014, pet. denied). The trial court erred in denying the Courtney Borden's Heirs motion to strike as to the flowchart, and we do not consider it as part of the summary judgment record.

As to the census records, the Courtney Borden Heirs contend the trial court erred by denying their motion to strike because the John Borden Heirs improperly attached these documents to their post-hearing supplemental brief without first seeking leave to late file evidence. The John Borden Heirs argue these records were provided to the trial court in direct response to the presiding judge's requests at the hearing for evidence of where John and Courtney lived when John acquired the mineral interest.

In considering whether the trial court granted leave to permit late-filed summary judgment evidence, we "examine the record for an affirmative indication that the trial court permitted the late filing." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (internal quotation omitted). The indication may arise from a separate order, a recital in the summary judgment, or an oral ruling apparent in the reporter's record of the summary judgment hearing. *Id.* at 259–60; *see Wright v. Hernandez*, 469 S.W.3d 744, 755 (Tex. App.—El Paso 2015, no pet.) (reviewing reporter's record and concluding trial court affirmatively demonstrated its intent to accept and consider late-filed evidence). If the record is silent as to any affirmative indications, we presume the trial court did not grant leave; however, we must examine the record to determine whether it affirmatively indicates the late-filed document would be accepted or considered. *B.C.*, 598 S.W.3d at 260.

A review of the reporter's record in this case reveals the trial court made multiple affirmative

5

indications it would accept the John Borden Heirs' late-filed summary judgment evidence. For example, the trial court asked counsel for the John Borden Heirs if he had evidence indicating where John and Courtney were living at the time the minerals were purchased. In response to the John Borden Heirs' counsel's offer to "supplement that information to the Court," the presiding judge stated, "I would be interested in knowing where they were living at that time." Shortly after, the presiding judge again stated, "I still am interested in the issue where they were living . . . when the purchase was made."

Though the Courtney Borden Heirs point out the presiding judge later stated, "I'm not asking for any additional summary judgment evidence," this statement arose during a different part of the hearing, in which the court heard argument regarding two cases the John Borden Heirs raised at the hearing but had not previously briefed in their summary judgment. The presiding judge continued, stating, "the Court considers this to be an important enough point of law and I'm going to give the Courtney [Borden Heirs] an opportunity to respond to those cases which the Court may find to be helpful." That isolated language, arising in a substantively distinct point during the hearing unrelated to the question surrounding John and Courtney's residence, does not erase the otherwise clear affirmative indications that the trial court would accept late-filed summary judgment evidence specifically related to John and Courtney's residence when John acquired the mineral interest. Thus, we conclude the trial court did not err in denying the Courtney Borden Heirs' motion to strike the late-filed census records, and the census records are properly part of the summary-judgment record.[1]

B.      The trial court erred in granting the John Borden Heirs' motion for summary judgment.

In their first issue, the Courtney Borden Heirs appeal the trial court's order granting the

---

[1] In their reply brief, the Courtney Borden Heirs also object to two articles the John Borden Heirs cite in their appellate brief as outside the record before us. We agree the scope of our review is limited to the summary judgment record on which the trial court's ruling was based and do not consider those articles. *See Chappell v. Allen*, 414 S.W.3d 316, 321 (Tex. App.—El Paso 2013, no pet.).

John Borden Heirs' motion for summary judgment. They contend the John Borden Heirs' motion for summary judgment is insufficient because it fails to identify any cause of action or specific ground upon which they were moving for summary judgment and as such, the motion failed to comply with Texas Rule of Civil Procedure 166a(c).[2]

Rule 166a(c) requires parties moving for summary judgment to "state the specific grounds therefor." Movants bear the burden of conclusively establishing each element of their cause of action. *Lockhart as Tr. of Lockhart Family Bypass Tr. v. Chisos Minerals, LLC*, 621 S.W.3d 89, 99 (Tex. App.—El Paso 2021, pet. denied); *see also Wright v. Gundersen*, 956 S.W.2d 43, 47 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action as a matter of law."). To do so, the motion must identify the cause of action and its elements. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). A party is not entitled to the grant of his or her motion for summary judgment on a cause of action not raised in the motion. *E.B.S. Enters., Inc. v. City of El Paso*, 347 S.W.3d 404, 409 (Tex. App.—El Paso 2011, pet. denied) (citing *Black*, 797 S.W.2d at 27); *see also Ordonez v. Solorio*, 480 S.W.3d 56, 67 (Tex. App.—El Paso 2015, no pet.) (concluding appellee's motion was legally insufficient to state a ground for summary judgment when it failed to challenge any aspect of appellant's counterclaim and instead simply asserted the conclusion that "uncontroverted summary judgment evidence" met the requisite standard (internal quotation marks omitted)). In considering whether the grounds are expressly presented, appeals courts look "only to the motion itself" and do not rely on briefs or summary-judgment evidence. *E.B.S. Enters.*, 347 S.W.3d at 409 (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997)).

---

[2] The Courtney Border Heirs also maintain the John Borden Heirs' motion should have been denied on the merits. However, because their first argument is dispositive, we do not reach the underlying merits of the John Borden Heirs' motion.

If, as here, the trial court does not specify the grounds upon which it granted summary judgment, we will affirm the grant if any theory expressly presented in the movant's motion for summary judgment is meritorious. *DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex. App.—Fort Worth 1997, no writ). However, the trial court is "constrained to grant affirmative relief . . . based only on grounds expressly presented in the[] summary judgment motion." *Lockhart*, 621 S.W.3d at 99. In other words, we cannot affirm the grant on a theory not expressly presented in the motion *See DeWoody*, 951 S.W.2d at 943.

When a summary-judgment movant amends his or her pleading after filing the motion for summary judgment, the movant must ordinarily amend or supplement the motion to address the new claims. *Espeche v. Ritzell*, 123 S.W.3d 657, 663–64 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). If the movant fails to amend the motion for summary judgment and the trial court grants the summary judgment on the new cause of action, this typically constitutes reversible error. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). However, Texas courts recognize limited circumstances in which that error may be harmless. *Id.* Relevant here is the exception in which the original motion is broad enough to encompass later asserted claims. *See id.* (concluding exception did not apply when amended petition asserted new causes of action based on facts and legal theories not contemplated by motion for summary judgment); *Thomas v. Allstate Ins. Co.*, No. 14-03-00879-CV, 2004 WL 1574542, at *7 (Tex. App.—Houston [14th Dist.] July 15, 2004, no pet.) (mem. op.) (stating exception applies when newly asserted claims are based on "an identical set of acts or elements alleged in the original petition").

Here, the John Borden Heirs failed to present to the trial court in their motion for summary judgment any cause of action upon which their motion could be granted. Indeed, the John Borden Heirs acknowledge they did not "specifically identify each cause of action" in their motion for

summary judgment, but they contend that does not matter because "the trial court was obviously able to determine the grounds from the face of the John Borden Heirs' Motion for Summary Judgment." However, that is not what Rule 166a(c) requires, nor does it comport with well-established rules for summary-judgment practice in Texas. *See Black*, 797 S.W.2d at 27 (requiring summary-judgment movants to identify applicable cause of action and its elements).

Further, this case does not fit within any harmless-error exception. When the John Borden Heirs filed their motion for summary judgment on October 24, 2018, they had asserted *no* claims or defenses. It was not until their amended answer, filed on March 1, 2019, that the John Borden Heirs first asserted the crossclaims they now contend form the basis of the trial court's judgment. But here, granting affirmative relief would have been proper only if: (1) the John Borden Heirs had amended their motion for summary judgment after asserting their crossclaims; or (2) when the John Borden Heirs filed their motion for summary judgment, they had asserted claims based on facts broad enough to encompass their later amended claims. Neither situation applies.

To accept the John Borden Heirs' argument—*i.e.*, that their failure to amend their motion for summary judgment was harmless—would expand this limited exception to include cases in which there are *no* claims asserted when a party lodges its summary-judgment motion. But the current standard is not onerous: While summary-judgment grounds may be stated "concisely, without detail and argument," they must at least be stated in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993) (quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied) ("There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he seeks to win a lawsuit without a trial.")). Indeed, "[i]f the grounds are so obvious from the summary judgment proof, what is burdensome about requiring the movant to state them in the motion?" *Id.* (quoting *Roberts*, 811 S.W.2d at 146). Appellate courts "cannot read between the lines, infer or glean from the

9

pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment." *Id.* at 343 (cleaned up). These rules are "simple, equitable, and prevent the confusion that results when parties fail to expressly present grounds and issues entitling or defeating entitlement to summary judgment." *Id.*

Because the John Borden Heirs' motion for summary judgment failed to state the specific ground or grounds upon which a judgment was sought as required by rule 166a(c) of the Texas Rules of Civil Procedure, we conclude the trial court erred in granting the motion.

Issue one is sustained.

**C.    The trial court properly denied the Courtney Borden Heirs' motion for summary judgment.**

In their second issue, the Courtney Borden Heirs contend the trial court erred by denying their motion for summary judgment. Specifically, they maintain summary judgment evidence establishes the Courtney Borden Heirs retained an undivided one-half share of the one-eighth mineral interest because they have shown as a matter of law that: (1) because John acquired the mineral interest during his marriage to Courtney, the interest is presumptively community property, and the John Borden Heirs have not met their burden to rebut that presumption; (2) the Illinois separation agreement reflects no intent for Courtney to give up any real property interest she owned at the time of the agreement, such that even after signing the separation agreement, John and Courtney were equal owners of an undivided one-eighth interest in the mineral property; and (3) because the Nevada divorce decree merely incorporated the Illinois separation agreement, it did not divest Courtney of her share in the mineral property. Thus, they argue, Courtney owned a one-sixteenth interest in the mineral property at her death, which passed to her heirs as provided in her will.

We begin by determining whether the interest is presumptively community property. It is well settled in Texas that mineral interests are interests in real property. *Matter of Estate of Ethridge*, 594 S.W.3d 611, 616 (Tex. App.—Eastland 2019, no pet.); *see also Garza v. De Montalvo*, 217 S.W.2d

10

988, 992 (Tex. 1949). In determining the ownership of real property, we apply the law of the jurisdiction where the land is located. *Turner v. Mullins*, 162 S.W.3d 356, 366 (Tex. App.—Fort Worth 2005, no pet.) (citing *Colden v. Alexander*, 171 S.W.2d 328, 335–36 (Tex. 1943) and *Toledo Soc. for Crippled Children v. Hickok*, 261 S.W.2d 692, 696 (Tex. 1953)). Consequently, Texas law controls the character of the mineral property, which is located in Reeves County.

Under Texas law, the characterization of property as community or separate is generally determined by its character at inception. *Viera v. Viera*, 331 S.W.3d 195, 206 (Tex. App.—El Paso 2011, no pet.). Typically, property possessed by either spouse upon dissolution of the marriage is presumed to be community, such that the spouse seeking to overcome the community-property presumption must prove its separate character by clear and convincing evidence, ordinarily by tracing the purchase of the property to funds from the spouse's separate estate. *Id.*; *see also Rippy v. Rippy*, 49 S.W.2d 494, 495 (Tex. App.—Austin 1932, writ ref'd) (discussing same community-property presumption also applicable in 1927). The Courtney Borden Heirs contend since we apply Texas law in determining title to Texas real property, we should apply the community-property presumption here as well.

However, Texas courts have concluded it is "unreasonable" to apply the community-property presumption when the spouse who acquired the property at issue never resided in Texas or another community property state, or there is no evidence the spouse drew income while domiciled in Texas or any other community property state. cases *Bauer v. White*, No. 13-16-00054-CV, 2016 WL 3136608, at *3 (Tex. App.—Corpus Christi June 2, 2016, pet. denied) (mem. op.) (collecting). In such a situation, real property purchased in a community property state with funds earned in a common law state will be characterized as separate because the out-of-state earnings are not community property. *Id.*; *Orr v. Pope*, 400 S.W.2d 614, 616–17 (Tex. App.—Amarillo 1966, no writ) (collecting cases) ("[I]t is the law of this state that where a husband acquired real property situated

11

in Texas while he resides in a common law state, the real property is the separate property of the husband."); *see Oliver v. Robertson*, 41 Tex. 422, 424–25 (1874) (property purchased in Texas with funds earned by husband in common-law state was separate); *Grange v. Kayser*, 80 S.W.2d 1007, 1008–09 (Tex. App.—El Paso 1935, no writ) (concluding contested Texas property was Illinois-resident husband's separate property because "the consideration paid therefor, under the law of Illinois, was his separate property," even though under Texas law "such consideration would have been regarded as community property"); *McDowell v. Harris*, 107 S.W.2d 647, 652 (Tex. App.—Dallas 1937, writ dism'd) (because husband and wife resided in Illinois during their marriage, all property acquired by husband while living in Illinois, including Texas-based real property, was his separate property); *see also In re Eisner*, No. 05-44474, 2007 WL 2479654, at *6 (Bankr. E.D. Tex. Aug. 28, 2007) ("[R]eal property purchased in a community property state such as Texas with funds earned in a common law state will be characterized as separate real estate, because the out-of-state earnings are characterized as separate property."); *cf.* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 234 cmt. a (1971) ("[I]f land in a common law state is purchased with funds that are held in community because acquired while the spouses were domiciled in a community property state . . ., the courts of the situs would usually hold that the spouses . . . have the same marital property interests in the land as they formerly had in the funds.").

Based on procedural reasons, there is another reason for not applying the community property presumption at this stage of the proceedings. In more recent years, the Supreme Court of Texas has instructed that a presumption at trial operates to establish a fact until rebutted, but not in summary judgment proceedings. *Chavez v. Kansas City S. Ry. Co.*, 520 S.W.3d 898, 899 (Tex. 2017) (per curiam) (internal citations omitted). "The presumptions and burden of proof for an ordinary or conventional trial . . . are immaterial to the burden that a movant for summary judgment must bear." *Chavez*, 520 S.W.3d at 900 (quoting *Missouri-Kansas-Tex. R. Co. v. City of Dallas*, 623 S.W.2d 296,

298 (Tex. 1981)). Without question, this case presents as a summary judgment proceeding where burdens of proof differ from those at trial. To obtain summary judgment, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id*. In so doing, "a summary judgment movant may not use a presumption to shift to the non-movant the burden of raising a fact issue of rebuttal." *Chavez*, 520 S.W.3d at 900. Affording a presumption to a traditional summary judgment movant "would inappropriately displace its heightened summary judgment burden with the lesser burden of proof it would bear at trial." *Green v. State*, No. 02-21-00013-CV, 2021 WL 5747148, at *5 (Tex. App.—Fort Worth Dec. 2, 2021, pet. granted) (mem. op.).

Here, summary judgment evidence—namely the 1920 and 1930 census records—show that John resided in Illinois during his marriage to Courtney when he purchased the mineral property. No evidence conclusively establishes that, when John purchased the mineral property, he did so with joint funds he owned with Courtney. Nor does the community property presumption apply in favor of Courtney's traditional motion for summary judgment.[3] The authorities the Courtney Borden Heirs cite for the proposition that we should instead apply the community-property presumption are inapplicable because those cases differ procedurally, and all involve disputes regarding property by Texas domiciles . *See, e.g.*, *Tarver v. Tarver*, 394 S.W.2d 780, 782–83 (Tex. 1965) (discussing community-property presumption in context of divorcing Texas residents); *Mason v. Crump*, 254 S.W.2d 831, 832 (Tex. App.—Fort Worth 1953, writ ref'd n.r.e.) (discussing community-property presumption related to purchase and ownership of property by Texas resident); *Rippy*, 49 S.W.2d at

---

[3] Because the community-property presumption does not apply, we do not reach the Courtney Borden Heirs' remaining arguments premised on its application—*i.e.*, whether the Illinois separation agreement reflected any intent for Courtney to give up any real property interest she owned at the time of the agreement or the Nevada divorce divested Courtney of her share in the mineral property. However, while the applicable rule in this case presumes the mineral property is John's separate property, it does not compel the conclusion as to the mineral property's character because that presumption is still rebuttable. *See Bauer v. White*, No. 13-16-00054-CV, 2016 WL 3136608, at *4 (Tex. App.—Corpus Christi June 2, 2016, pet. denied) (mem. op.) (collecting).

495 (same). Accordingly, the Courtney Borden Heirs did not prove their entitlement to summary judgment as a matter of law because they did not show they have superior title; in other words, because the community-property presumption did not apply when John acquired the mineral interest, the Courtney Borden Heirs have not shown as a matter of law that Courtney retained an undivided one-half share of the one-eighth mineral interest.[4]

We therefore conclude the trial court properly denied the Courtney Borden Heirs' motion for summary judgment. Issue two is overruled.

## CONCLUSION

For the above reasons, we reverse the trial court's grant of the John Borden Heirs' summary judgment and affirm the trial court's denial of the Courtney Borden Heirs' summary judgment. We remand the case for further proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

March 10, 2023

Before Rodriguez, C.J., Palafox, and Alley, JJ.
J. Alley (not participating)

---

[4] The Courtney Borden Heirs protest that the John Borden Heirs did not expressly present John and Courtney's residence as a ground for summary judgment and, as such, it cannot serve as a basis for defeating their motion. However, "summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). The Courtney Borden Heirs were still required to establish their right to summary judgment, and as described above, they did not meet that burden.

14