COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

E.B.S. ENTERPRISES, INC. D/B/A/      §
GATEWAY NEWS AND VIDEO,                  No. 08-10-00088-CV
VENUS VIDEO, EROS VIDEO, AND   §
A.V.W., LTD. D/B/A ADULT VIDEO           Appeal from the
WAREHOUSE,                          §
                                          34th District Court
             Appellants,         §
                                   of El Paso County, Texas
v.                              §
                                       (TC# 2007-2900)
                             §
THE CITY OF EL PASO,

             Appellee.

## **O P I N I O N**

E.B.S. Enterprises, Inc. d/b/a/ Gateway News and Video, Venus Video, Eros Video, and A.V.W., Ltd. d/b/a Adult Video Warehouse, Appellants, appeal the trial court's summary judgment in favor of the City of El Paso, Appellee, stemming from the former's challenge to the constitutionality of the latter's sexually-oriented business ordinance. For the reasons that follow, we affirm.

## **BACKGROUND**

After an adult cabaret owner, in November 2006, was convicted of engaging in organized criminal activity, which involved a prostitution ring operated out of her adult cabaret, the City, in the early part of the following year, began investigating the conduct, licensing standards, and the negative secondary effects of adult establishments in an effort to update its sexually-oriented business ordinance. Specifically, the City looked at 25 federal judicial opinions issued by various courts, including the United States Supreme Court and the Fifth Circuit Court of Appeals, that

discussed the negative secondary effects associated with sexually-oriented businesses. In addition, the City considered 21 municipal land-use studies, crime reports, and affidavits that described the secondary effects occurring in and around such establishments. And at a public meeting on April 23, 2007, the City heard a power point presentation, detailing the negative secondary effects associated with sexually-oriented businesses, as well as numerous public comments on their negative impacts.

On May 8, 2007, the City adopted a new sexually-oriented business ordinance. The ordinance listed those judicial opinions and municipal studies the City relied on in adopting the ordinance, and stated that the City's express findings included that sexually-oriented businesses are associated with "a wide variety of adverse secondary effects," which included "personal and property crimes, prostitution, potential spread of disease, lewdness, public indecency, obscenity, illicit drug use and drug trafficking, negative impacts on surrounding properties, urban blight, litter and sexual assault and exploitation." Additionally, the ordinance stated that "[e]ach of the foregoing negative secondary effects constitutes a harm, which the City has a substantial government interest in preventing and/or abating." That new ordinance sought to require, among other things, that sexually-oriented businesses have open, instead of closed, booths for customers viewing sexually-oriented videos, unobstructed employee views of the entire premises to which a patron is provided access for any purpose, overhead lighting fixtures sufficient to illuminate every place to which patrons are permitted, and employee licensing to work in such establishments.

On June 20, 2007, two adult cabarets, Tequila Sunrise and Jaguar Gold Club, filed suit, contending that the ordinance violates numerous constitutional provisions and state law, and later filed an amended petition for injunctive relief. In August, the trial court held an extensive hearing on the plaintiffs' motion for a temporary restraining order, and following that hearing, the court

denied the temporary restraining order, save for one narrow exception not applicable here, based on "decisions by Texas courts, the United States Supreme Court, and the United States Court of Appeals for the Fifth Circuit [that] have repeatedly rejected constitutional challenges to ordinances like the one at issue here . . . ."

Approximately four months later, on November 27, 2007, four adult book-video stores, Appellants, filed a separate but nearly identical suit challenging the ordinance. Their suit was consolidated with the one already on file by Tequila Sunrise and Jaguar Gold Club. Following discovery, the City moved for summary judgment on grounds that the ordinance was constitutional. Tequila Sunrise and Jaguar Gold Club filed a lengthy response to the City's motion for summary judgment, objected to the City's evidence, and attached an expert affidavit, which they believed opposed the City's evidence. Appellants, however, did not file any responsive argument to the City's motion; rather, they simply filed, on the day of the summary-judgment hearing, that is, September 3, 2009, a notice that they adopted the objections filed by Tequila Sunrise and Jaguar Gold Club. No leave of court to file the objection appears in the record. Nevertheless, on March 10, 2010, the trial court signed an order granting summary judgment in favor of the City.

## DISCUSSION

Appellants assert three arguments in contending that the trial court erred in granting the City's motion for summary judgment. The first contests the relevancy of the City's secondary-effects evidence to enacting four provisions of the ordinance that apply to Appellants. The second complains that there was a genuine issue of material fact. And the third asserts that the ordinance is preempted by a State statute. We find no merit in any of the issues raised.

## Standard of Review

We review a trial court's decision to grant a motion for summary judgment *de novo*. *Valence*

*Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. Tex. R. Civ. P. 166a(c); *Melendez v. Padilla*, 304 S.W.3d 850, 852 (Tex. App. – El Paso 2010, no pet.). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

**Waiver**

Initially, we address the City's argument that Appellants' arguments are waived. Specifically, the City contends that because Appellants' summary-judgment response was filed too late, we may not consider it on appeal as the record does not indicate that the trial court considered it, much less that the trial court granted leave for Appellants to file it. We agree.

Rule 166a(c) of the Texas Rules of Civil Procedure provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). If there is no affirmative evidence in the record indicating that a late-filed summary-judgment response was filed with leave of court, we must presume that the trial court did not consider the response, and therefore, we cannot consider it on appeal. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 491 n.1 (Tex. 1988); *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

Here, the trial court's docket sheet reflects that a summary-judgment hearing was held on September 3, 2009. That same day, Appellants filed their objections to the City's motion for summary judgment and the City's summary-judgment evidence, solely stating:

[Appellants] incorporate in its entirety, to avoid duplication, the objections filed by

[Tequila Sunrise and Jaguar Gold Club] to Defendant's Motion for Summary Judgment and further, adopts, in its entirety, [Tequila Sunrise's and Jaguar Gold Club's] Objections to Defendant's Summary Judgment Evidence.

Assuming, without deciding, that Appellant's objections were sufficient to constitute a response under Rule 166a, their response, filed on the same day as the summary-judgment hearing, was too late and could not be considered unless it was filed with leave of court.

However, Appellants did not move for leave to file their response, and nothing in the record indicates that the trial court permitted the late filing of the response. At most, the Summary Judgment Order states that the trial court considered "Plaintiffs' Objection to Summary Judgment Evidence" and "Plaintiffs' Brief in Opposition to Summary Judgment," but those statements, which more aptly refer to the objections and brief filed by Tequila Sunrise and Jaguar Gold Club, do not indicate that the trial court permitted Appellants' filing adopting those objections and brief as their own. Thus, without some affirmative language in the record, we presume that the trial court did not consider Appellants' late-filed response. *See Pinnacle Data Services, Inc. v. Gillen*, 104 S.W.3d 188, 193 (Tex. App. – Texarkana 2003, no pet.); *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App. – San Antonio 1998, pet. dism'd). Accordingly, we cannot consider the same on appeal. *Fertic v. Spencer*, 247 S.W.3d 242, 251 (Tex. App. – El Paso 2007, pet. denied). To that end, Appellants may only challenge the legal sufficiency of the City's motion. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (stating that a nonmovant need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment).

## Constitutionality of the Ordinance

We now to turn to Appellants' first argument, which challenges those provisions of the ordinance relating to adult book-video stores, namely, open booths, unobstructed employee

observations, overhead lighting, and employee licensing. According to Appellants, the City's motion failed to show how those provisions were tailored to a governmental interest for book-video stores as opposed to cabarets. In other words, Appellants claim that the City's motion did not identify and negate their claims set out in the petition.

When a defendant moves for summary judgment, he must state the specific grounds for relief. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). "The term 'grounds' means the reasons that entitle the movant to summary judgment, in other words, 'why' the movant should be granted summary judgment." *Garza v. CTX Mort. Co., L.L.C.*, 285 S.W.3d 919, 923 (Tex. App. – Dallas 2009, no pet.). If the grounds for summary judgment are not clear, the general rule is that the complaining party must specially except to preserve error. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 175 (Tex. 1995) (citing *McConnell*, 858 S.W.2d at 341). However, the complaining party need not object if the motion is insufficient as a matter of law, that is, that the grounds for summary judgment are not expressly presented in the motion itself. *See McConnell*, 858 S.W.2d at 342. Grounds are sufficiently specific if they give "fair notice" to the nonmovant. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex. 1978), *overruled on other grounds by Clear Creek*, 589 S.W.2d at 673; *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App. – Austin 1995, writ denied).

To dispose of the plaintiff's case, the defendant's summary-judgment motion must identify or address each of the plaintiff's claims and the essential elements of those claims on which the defendant contends that no genuine issue of material fact exists. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). Indeed, a defendant is not entitled to the grant of his motion for summary judgment on a cause of action not addressed in the motion. *Id.*; *Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487 (Tex. App. – Houston [1st Dist.] 2007, pet. denied). In

determining whether the grounds are expressly presented, we look only to the motion itself; we do not rely on briefs or summary-judgment evidence. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997). Nor are we required to read between the lines to infer or glean from the pleadings or proof, any grounds for summary judgment. *McConnell*, 858 S.W.2d at 343.

Regardless of whether Appellants timely adopted Tequila Sunrise's and Jaguar Gold Club's objections, it is clear that none of the objections alleged that the City's motion was unclear or ambiguous. Thus, we will simply review whether the motion was sufficient as a matter of law. *See McConnell*, 858 S.W.2d at 342. To make that determination, we identify the claims asserted in Appellants' petition and compare them against the claims addressed in the summary-judgment motion. *Garza*, 285 S.W.3d at 923.

Here, Appellants' petition alleged that the ordinance was unconstitutional, claiming that the City passed the ordinance based on false assumptions that adult book-video stores are frequently used for unlawful sexual activities, including prostitution, or that such businesses deteriorate security, cause crimes, and spread urban blight in surrounding areas. Specifically, the petition objected that there was no evidence, justification, or basis presented by the City to justify the need to require open booths for customers that seek to view sexually-oriented videos, unobstructed employee views of the entire premises to which a patron is provided access for any purpose, overhead lighting fixtures sufficient to illuminate every place to which patrons are permitted, and employee licensing. The petition then alleged that the ordinance was unconstitutional, claiming that the City adopted the ordinance without competent, substantial evidence reasonably related to the perceived ills that the City claimed to address or to any legitimate governmental objective.

However, our review of the City's motion for summary judgment shows that it did set out grounds, that is, that the ordinance was constitutional. Indeed, the City asserted that the ordinance

was not unconstitutionally overbroad or vague, did not violate any constitutional provisions such as prior restraint, due process, or equal protection, did not violate state licensing or restraint-of-trade laws, or the Texas Bill of Rights, and asserted that the City had a substantial interest in regulating adult establishments and that the ordinance was narrowly tailored to a governmental purpose. And more specifically, the City's motion for summary judgment pointed to local evidence to show the secondary effects adult book-video stores have on the community. The City noted that investigator affidavits, which were attached to its motion, described illicit sexual behavior and unsanitary conditions pervading at such establishments, including semen found on walls and doors to "peep show" booths, loitering patrons attempting to join others in such booths or to elicit sex, and discarded condom wrappers found on the bathroom floor. Thus, the City believed that overhead lighting, open booths, and employee observations would curtail such secondary effects.

Moreover, the City asserted in the motion that case law upholds the licensing of employees that work at such stores and therefore, such licensing is narrowly tailored to curb secondary effects. Specifically, the City cited *TK's Video, Inc. v. Denton County*, 24 F.3d 705, 710 (5th Cir. 1994), which noted that licensing weeds out "persons with a history of regulatory violations or sexual misconduct who would manage or work" in sexually-oriented businesses. Thus, the City addressed how the licensing requirement was narrowly tailored to the City's interest. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 297, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000); *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 51-52, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986) (cases indicating that reliance on a judicial opinion that describes the evidentiary basis is sufficient).

Nevertheless, Appellants assert that the studies used to describe the secondary effects, which the City relies on in its brief, were not presented in its summary-judgment motion. However, the City did assert in its motion that it researched the relevant cases, compiled voluminous secondary

effects data, and after hearing a detailed presentation concerning negative secondary effects, adopted an ordinance that specifically incorporated all types of relevant evidence, including judicial opinions, land use and crime-impact reports, and anecdotal reports of illicit sexual behavior and unsanitary conditions in sexually-oriented businesses. The City then noted that when it passed its ordinance, it incorporated that evidence, and the City further attached those documents to its motion. Within those documents are the three reports relied upon by the City in its brief.

Although this may make the City's motion unclear or ambiguous as to which documents applied to Appellants as opposed to the other plaintiffs, the grounds for whether the ordinance was tailored to a governmental interest in alleviating secondary effects was clear, that is, that the ordinance was constitutional. *See McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467-69 (Tex. App. – Dallas 2009, pet. ref'd) (failure to identify which cause of action addressed by summary judgment points not fatal to motion if court able to determine from motion the grounds presented); *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App. – San Antonio 1991, writ denied) (although grounds for summary judgment must be listed in the motion, the grounds may be stated concisely, without detail and argument). As Appellants did not object that the motion was vague or ambiguous, any further discussion is waived. *See McConnell*, 858 S.W.2d at 342; *Thomas v. CNC Investments*, L.L.P., 234 S.W.3d 111, 115 n.3 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (cases stating that exception is required should nonmovant wish to complain on appeal that grounds relied on by movant were unclear or ambiguous).

In short, we find that the City's motion sufficiently set out the grounds for why it was entitled to summary judgment on Appellants' insufficient evidentiary claims of secondary effects such that the City could regulate booths, layout, lighting, and licensing. Accordingly, Issue One is overruled.

**Material Issue of Fact**

Appellants' second issue contends that there was a genuine of issue of material fact as to whether the City met its evidentiary burden to demonstrate that the ordinance was necessary to combat secondary effects of adult entertainment. Specifically, Appellants bring three arguments in that regard, asserting that the City failed to demonstrate how reports prepared by other jurisdictions on the matter were relevant to the situation facing El Paso, that their expert's affidavit casts doubts on the City's studies, and that their opposing affidavit raised an issue of material fact. We disagree.

*Relevance*

A municipality need not conduct new studies into secondary effects before enacting a sexually-oriented business ordinance. *Renton*, 475 U.S. at 46. Rather, a municipality may rely on those studies and evidence generated by other cities so long as the municipality reasonably believed that evidence was relevant to the problem facing the municipality. *Id*. at 51-52. Moreover, a municipality may rely on evidence showing the secondary effects caused by one type of sexually oriented-business, i.e., adult movie theaters, to support restrictions on other sexually-oriented businesses, i.e., nude dancing establishments. *See Erie*, 529 U.S. at 296-97. And finally, a municipality may rely on judicial opinions that describe secondary effects. *Erie*, 529 U.S. at 297; *Renton*, 475 U.S. at 51-52.

Here, Appellants, citing *Annex Books, Inc. v. City of Indianapolis*, 581 F.3d 460 (7th Cir. 2009), and *New Albany DVD, L.L.C. v. City of New Albany*, 581 F.3d 556 (7th Cir. 2009), assert that the City failed to demonstrate how the studies compiled from other jurisdictions were relevant to the problems facing the City. Specifically, Appellants contend that those studies deal more with zoning restrictions than the operation of adult businesses. However, without commenting on the viability

of *Annex Brooks* and *New Albany*,[1] we note that the record reflects at least three of the studies relied on by the City were aimed at sexually-oriented businesses' operations in urban areas.[2] Indeed, before passing an ordinance that required a line of sight for video booths in Phoenix, the municipality's study concluded that sex crimes occurred six times as frequently in areas with adult businesses as compared with other areas, and that most of those crimes occurred at the adult establishment. *See Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1245 (9th Cir. 1982) (upholding ordinance requiring that all viewing areas must be visible from a continuous main aisle and cannot be obscured by a curtain, door, wall, or other enclosure). Similarly, after Houston's study reflected prostitution and blatant open sexual contact between people with complete anonymity in adult bookstores, as well as public lewdness, narcotics, and criminal indecent exposure in adult cabarets, the metropolitan passed an ordinance regulating lighting and visibility, and banning private viewing areas. *See N.W. Enterprises Inc. v. City of Houston*, 352 F.3d 162, 172 (5th Cir. 2003) (upholding ordinance's provisions on interior lighting, design, and layout). And finally, Dallas, before enacting an ordinance regulating adult businesses' hours of operation, learned from its study that adult businesses attract loiterers, unsavory people, and prostitutes, cause parking problems, noises and disturbances, which often turn violent, and often cause assaults and unruly behavior both inside and outside of the establishments. Thus, these urban studies were relevant to the City's regulation of adult businesses' operations in El Paso.

Moreover, the City also relied on local evidence as well. The ordinance was adopted

---

[1] The City vigorously contests the viability of those decisions, but we need not address that argument given our discussion that follows.

[2] Appellants also rely on *Abilene Retail #30 v. Board of Commissioners of Dickinson County*, 492 F.3d 1164 (10th Cir. 2007), to argue that the studies must be relevant to the situations facing the City. In that case, the court suggested that urban studies could not be used to evaluate secondary effects in rural areas. *Id*. at 1175. However, here, El Paso is in an urban area, and the City relied on urban studies in assessing the secondary effects.

following the conviction and sentencing of a local strip club owner for running a prostitution ring in the enclosed spaces of her strip club. Additionally, affidavits from police investigators demonstrated that illicit sexual behavior, that is, that patrons ejaculated onto walls inside peep show booths, pervaded the local adult book-video stores, which in turn caused unsanitary conditions. Those affidavits also confirmed that loitering patrons trolled for sex and often tried to join others in such booths.

In short, we find that the City relied on relevant studies, its on-going experience, and public comment when adopting the new sexually-oriented business ordinance. *See Renton*, 475 U.S. at 51-52 (municipality may rely on any evidence "reasonably believed to be relevant"); *Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 559 (5th Cir. 2006) (noting that city relied on studies and numerous court opinions "all of which demonstrate a connection between dancer-patron touching and unsavory secondary effects"). That evidence fully supported the City's rationale for regulating sexually-oriented businesses and was thus legally sufficient to support the City's adoption of its ordinance. Accordingly, we find that there was no genuine issue of material fact as to whether the City met its evidentiary burden to demonstrate that the ordinance was necessary to combat secondary effects of Appellants' adult entertainment establishments.

## *Cast Doubt and Opposing Affidavits*

We address Appellants' next two arguments together. The first contends that their expert successfully casts doubt on whether the City's evidence supported its rationale in enacting the ordinances, and the second contends that it presented an opposing affidavit that created an issue of material fact thereby precluding summary judgment. We find both of these arguments to be without legal merit.

The essence of both of Appellants' arguments is their claim that they submitted an expert

affidavit. But Appellants did not submit an expert affidavit. Rather, Tequila Sunrise and Jaguar Gold Club presented an expert affidavit. Appellants filed no response at all to the City's motion for summary judgment other than a simple declaration, filed on the same day as the summary-judgment hearing, stating that it adopted their fellow Plaintiffs' timely filed objections to the City's motion for summary judgment and its evidence. As we already discussed above, because nothing in the record demonstrates that Appellants obtained leave of court to file the response, much less that the trial court considered it, we must treat it as if Appellants presented no response. *See Pinnacle*, 104 S.W.3d at 193; *Neimes*, 985 S.W.2d at 138. Accordingly, we conclude that Appellants presented no expert evidence casting doubts on the City's evidence, nor did they present any opposing affidavits raising a material fact. For this reason, their arguments fail. Issue Two is overruled.

## Preemption

Appellants' third issue contends that the ordinance is preempted by state statute. Specifically, Appellants assert that because Section 243.010(b) of the Local Government Code proscribes violations of municipal sexually-oriented business ordinances as a Class A misdemeanor, the City cannot impose a Class C misdemeanor penalty for violations of its ordinance. We, however, may not consider this argument as grounds for reversal.

The Rules of Civil Procedure state that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). Although this claim was included within the responses filed by Tequila Sunrise and Jaguar Gold Club, we have already determined that we cannot consider Appellants' response incorporating Tequila Sunrise's and Jaguar Gold Club's response as it was filed too late and without leave of court. Accordingly, it is as if Appellants never filed a response and thus, never presented those grounds to the trial court. *See Neimes*, 985 S.W.2d 132, 138 (noting that a late-filed

response is a nullity). Instead, Appellants are limited to challenging the legal sufficiency of the City's motion, and the City merely asserted that the ordinance was not unconstitutionally overbroad or vague, did not violate any constitutional provisions such as prior restraint, due process, or equal protection, and did not violate state licensing or restraint-of-trade laws, or the Texas Bill of Rights. Whether the criminal proscription was preempted was not a matter brought to the trial court's attention. Therefore, Issue Three is overruled.

## CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

August 10, 2011

Before Chew, C.J., McClure, and Rivera, JJ.