# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00097-CV

---

**Mark Walters, Appellant**

**v.**

**Richard Scott Mayo, Appellee**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002110, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pro se litigant Mark Walters filed a lawsuit against Richard Scott Mayo, alleging negligence and negligence per se arising out of a vehicle collision. Walters claimed only personal-property damages. After answering the lawsuit and engaging in settlement negotiations with Walters, Mayo filed a motion to enforce settlement agreement or, alternatively, for summary judgment. The trial court granted Mayo's motion without specifying the basis of its ruling and dismissed Walters's lawsuit. Walters appeals the trial court's order, complaining that there were genuine issues of material fact precluding summary judgment and that he had revoked the settlement agreement before the trial court rendered its order. For the following reasons, we will affirm the trial court's final order.

# DISCUSSION[1]

In his first issue, Walters argues that the trial court erred in granting Mayo's motion to enforce settlement agreement because Walters "revoked his consent" to the agreement before the trial court rendered judgment. In his second issue, Walters argues that the trial court erred in granting Mayo's motion for summary judgment because material fact issues existed as to whether Mayo[2] fraudulently induced him into settling his claims and as to whether Mayo breached the parties' settlement agreement by allegedly not returning Walters's vehicle to him.[3]

Walters filed a response to Mayo's motion the day of the hearing on the motion, attaching several exhibits in an attempt to raise material fact issues. While the reporter's record reflects that at the hearing Walters provided the trial court with a "notebook," to which Walters directed the trial court's attention during his argument, there is no indication in the record that the trial court knew Walters had filed a response or granted him leave to file his response late, and the trial court did not admit Walters's notebook or any of its contents into evidence. We must, therefore, presume that the trial court did not consider Walters's late-filed response or its

---

[1] Because the parties are familiar with the facts, procedural history, and applicable standards of review, we do not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] In his brief, Walters states, "'Appellee' in this brief should be considered GEICO Insurance Company unless otherwise noted." Geico is Mayo's insurer and has provided him counsel in this lawsuit, including handling the settlement negotiations on his behalf. However, Geico is not a party to this lawsuit and we, therefore, refer solely to Mayo as appellee.

[3] At the hearing on Mayo's motion, Mayo's counsel represented that Geico had taken possession of Walters's vehicle after the collision to inspect it, declared the vehicle a total loss, and represented to Walters that the vehicle would be sold for salvage. Walters argued that Geico agreed to pay him $15,716.29 *and* return his vehicle to him (so that he could sell it for salvage) in settlement of his claims against Mayo. In his brief's statement of facts, Walters represents that Geico "towed [his] vehicle to its salvage parking lot but refused to provide [him] the address for him to claim his vehicle." Walters has not alleged that his vehicle has ever been in the possession or control of Mayo himself.

2

exhibits, and we cannot consider the same on appeal. *See E.B.S. Enters. v. City of El Paso*, 347 S.W.3d 404, 408 (Tex. App.—El Paso 2011, pet. denied) (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996)); *see also* Tex. R. Civ. P. 166a(c) (providing that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response"). Therefore, the only summary-judgment evidence properly before the trial court was that which Mayo attached to his motion: (1) a Rule 11 agreement, signed by Walters and Mayo's counsel, stating that the parties had agreed to settle Walters's claims for $15,716.29; and (2) a notarized "Property Damage Release" signed by Walters, stating:

> [T]he undersigned [Mark Walters] . . . for sole consideration of . . . $15,716.29 . . . to be paid to MARK WALTERS does hereby . . . acquit and forever discharge RICHARD SCOTT MAYO . . . from any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen property damage resulting or to result from the occurrence on or about March 20, 2018.

These documents, absent any evidence creating a material fact issue as to their enforceability, entitled Mayo to judgment as a matter of law dismissing Walters's claims. *See Miller v. Jefferson County*, No. 03-11-00521-CV, 2013 WL 3724766, at *3 (Tex. App.—Austin July 11, 2013, no pet.) (mem. op.) ("A release, valid on its face, is, until set aside, a complete bar to any action based on matters covered in the release." (quoting *McMahan v. Greenwood*, 108 S.W.3d 467, 478 (Tex. App.—Houston [14th Dist.] 2003, pet. denied))); *Robinson v. Cason*, No. 01-11-00916-CV, 2013 WL 3354651, at *4–5, 8–10 (Tex. App.—Houston [1st Dist.] July 2, 2013, no pet.) (mem. op.) (holding that defendant conclusively established right to summary judgment on its motion to enforce settlement agreement reached during litigation when plaintiff submitted no

3

evidence creating material fact issue); *Batjet, Inc. v. Jackson*, 161 S.W.3d 242, 246–48 (Tex. App.—Texarkana 2005, no pet.) (affirming summary judgment enforcing Rule 11 settlement agreement where summary-judgment evidence showed that plaintiffs agreed to release defendants from their claims against them in exchange for specified amount of money); *see also* Tex. R. Civ. P. 166a(c) (providing that summary judgment "shall be rendered forthwith if" evidence shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law").

Because we may not consider Walters's untimely summary-judgment response and evidence, *see E.B.S. Enters.*, 347 S.W.3d at 408, we accordingly overrule both of his issues, in which he contends that there were material fact issues about: (1) whether he "revoked" the settlement agreement (even assuming such revocation is relevant in light of the unconditional release that he signed), and (2) whether Mayo fraudulently induced Walters into settling his claims and agreed to return his vehicle yet failed to do so (even assuming Mayo had possession of the vehicle).

### CONCLUSION

Because Walters has identified no reversible error in the trial court's ruling on Mayo's motion, we affirm the trial court's final order granting the motion and dismissing Walters's claims.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   May 26, 2021