

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HOMER A. STILLWELL, III; ELIZABETH ROBERTSON, MARGUERITE H. BENSON, ADAM LEIGHTON, III, AND BLACK MOUNTAIN OPERATING, LLC, | § § § | |
| | § | No. 08-21-00131-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| JOHN F. STEVENSON, BORDEN W. STEVENSON, JOAN PIRIE LECLERC, JOHN T. PIRIE, SOPHIE H. PIRIE, BLAKE OIL AND GAS CORPORATION, MDJ MINERALS, L.L.P., WADE P. KOEHL, AND AOG PERMIAN PARTNERS, LTD., | § § § | of Reeves County, Texas |
| | § | (TC# 21-06-24028-CVR) |
| Appellees. | § | |

## O P I N I O N

This case involves the disputed ownership of an undivided one-eighth mineral interest located in Reeves County. For the following reasons, we reverse the trial court's order and remand for further proceedings.

### *Factual and Procedural Background*

John Borden and Courtney Letts Borden married on March 14, 1925 and divorced on July 1, 1933. In anticipation of their divorce, John and Courtney Borden executed a separation agreement concerning the division of property and guardianship of their child. The agreement

incorporates Illinois law and states it "shall be bindings upon the heirs . . . of the parties hereto." Soon after, a Nevada district court rendered a divorce decree which resolved all division-of-property issues by incorporating the separation agreement. Both John Borden and Courtney Letts Borden were married multiple times and had several children.

During their marriage, John Borden acquired from A.B. Carothers an undivided one-eighth mineral interest in property located in Reeves County. Heirs of John Borden ("John Borden Heirs") and Courtney Letts Borden ("Courtney Borden Heirs") claim their respective interests in the disputed mineral property and have assigned to various parties any interest they hold in the property or executed related oil and gas leases concerning the property. The dispute essentially hinges on whether the mineral interest is properly characterized as separate or community property at the time John Borden acquired it.

Because the John Borden Heirs and Courtney Borden Heirs have made competing claims as to the ownership rights of the one-eighth mineral interest at issue, EOG Resources, Inc.—an oil and gas company to which two of the Courtney Borden Heirs assigned their purported mineral interests—filed an interpleader action in Reeves County. The John Borden Heirs responded by filing an answer, which generally denied all allegations in EOG's interpleader but asserted no crossclaims, and a motion for summary judgment, which purported to establish the John Borden Heirs as "the true and rightful owners" of the disputed mineral interest.

The Courtney Borden Heirs responded, contending the John Borden Heirs' motion should be denied because, among other things, it did not identify the grounds on which summary judgment was sought as required by Texas Rule of Civil Procedure 166a(c). They filed a joint amended answer, asserting affirmative defenses, special exceptions, and a trespass-to-title crossclaim. The Courtney Borden Heirs also filed a cross motion for partial summary judgment, contending the

2

John Borden Heirs cannot prevail in their trespass-to-title action because they cannot establish a prima facie title to the interest through a common source, and even if they could, the Courtney Borden Heirs have superior title because the community-property presumption applied when John Borden acquired the mineral interest.

Two days before the summary judgment hearing, the John Borden Heirs filed an amended answer, asserting affirmative defenses and alleging trespass-to-title, declaratory judgment, and quiet title crossclaims and seeking attorney's fees; however, they did not amend their pending motion for summary judgment to incorporate those claims. The Courtney Borden Heirs moved to strike the amended pleading as untimely and objected to summary judgment evidence appended to the John Borden Heirs' motion.

On April 18, 2019, the trial court held a hearing on the competing motions for summary judgment. Following the hearing and additional briefing requested by the court at the hearing, the trial court granted the John Borden Heirs' motion for summary judgment, denied the Courtney Borden Heirs' motion for summary judgment, and denied the Courtney Borden Heirs' special exceptions and motion to strike summary judgment evidence. In its order, the trial court noted it considered "the Courtney Borden Heirs' Motion, the John Borden Heirs' Motion, the Courtney Borden Heirs' response to the John Borden Heirs' Motion, the summary judgment evidence, the pleadings and the arguments of counsel;" however, the trial court did not specify upon which claims its summary judgment grant was based. The trial court subsequently severed the John Borden Heirs' and Courtney Borden Heirs' claims into a new cause separate from the original interpleader action and rendered a final judgment in the new cause based upon the summary judgment rulings. The Courtney Borden Heirs appealed.

***Standard of Review***

3

We review summary judgments *de novo*. *McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 521 (Tex.App.—El Paso 2020, no pet.). In a traditional summary-judgment motion, the moving party bears the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* If both sides move for summary judgment and the trial court grants one but denies the other, we review all summary-judgment evidence and determine all questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

### *Analysis*

In their first issue, the Courtney Borden Heirs appeal the trial court's order granting the John Borden Heirs' motion for summary judgment. They contend the John Borden Heirs' motion for summary judgment is insufficient because it fails to identify any cause of action or specific ground upon which they were moving for summary judgment and as such, the motion failed to comply with Texas Rule of Civil Procedure 166a(c).[1]

Rule 166a(c) requires parties moving for summary judgment to "state the specific grounds therefor." Movants bear the burden of conclusively establishing each element of their cause of action. *Lockhart as Tr. of Lockhart Family Bypass Tr. v. Chisos Minerals, LLC*, 621 S.W.3d 89, 99 (Tex.App.—El Paso 2021, pet. denied); *see also Wright v. Gundersen*, 956 S.W.2d 43, 47 (Tex.App.—Houston [14th Dist.] 1996, no writ)("The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action as a matter of law."). To do so, the motion must identify the cause of action and its elements. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.

---

[1] The Courtney Border Heirs also raise evidentiary issues and maintain the John Borden Heirs' motion should have been denied on the merits. However, because their first argument is dispositive, we do not reach the other issues raised.

1990). A party is not entitled to the grant of his or her motion for summary judgment on a cause of action not raised in the motion. *E.B.S. Enters., Inc. v. City of El Paso*, 347 S.W.3d 404, 409 (Tex.App.—El Paso 2011, pet. denied)(citing *Black*, 797 S.W.2d at 27); *see also Ordonez v. Solorio*, 480 S.W.3d 56, 67 (Tex.App.—El Paso 2015, no pet.)(concluding appellee's motion was legally insufficient to state a ground for summary judgment when it failed to challenge any aspect of appellant's counterclaim and instead simply asserted the conclusion that "uncontroverted summary judgment evidence" met the requisite standard)[Internal quotation marks omitted]. In considering whether the grounds are expressly presented, appeals courts look "only to the motion itself" and do not rely on briefs or summary-judgment evidence. *E.B.S. Enters.*, 347 S.W.3d at 409 (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997)).

If, as here, the trial court does not specify the grounds upon which it granted summary judgment, we will affirm the grant if any theory expressly presented in the movant's motion for summary judgment is meritorious. *DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex.App.—Fort Worth 1997, no writ). However, the trial court is "constrained to grant affirmative relief . . . based only on grounds expressly presented in the[] summary judgment motion." *Lockhart*, 621 S.W.3d at 99. In other words, we cannot affirm the grant on a theory not expressly presented in the motion *See DeWoody*, 951 S.W.2d at 943.

When a summary-judgment movant amends his or her pleading after filing the motion for summary judgment, the movant must ordinarily amend or supplement the motion to address the new claims. *Espeche v. Ritzell*, 123 S.W.3d 657, 663–64 (Tex.App.—Houston [14th Dist.] 2003, pet. denied). If the movant fails to amend the motion for summary judgment and the trial court grants the summary judgment on the new cause of action, this typically constitutes reversible error. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d

5

118, 123 (Tex.App.—Houston [14th Dist.] 2016, pet. denied). However, Texas courts recognize limited circumstances in which that error may be harmless. *Id.* Relevant here is the exception in which the original motion is broad enough to encompass later asserted claims. *See id.* (concluding exception did not apply when amended petition asserted new causes of action based on facts and legal theories not contemplated by motion for summary judgment); *Thomas v. Allstate Ins. Co.*, No. 14-03-00879-CV, 2004 WL 1574542, at *7 (Tex.App.—Houston [14th Dist.] July 15, 2004, no pet.)(mem. op.)(stating exception applies when newly asserted claims are based on "an identical set of acts or elements alleged in the original petition").

Here, the John Borden Heirs failed to present to the trial court in their motion for summary judgment any cause of action upon which their motion could be granted. Indeed, the John Borden Heirs acknowledge they did not "specifically identify each cause of action" in their motion for summary judgment, but they contend that does not matter because "the trial court was obviously able to determine the grounds from the face of the John Borden Heirs' Motion for Summary Judgment." However, that is not what Rule 166a(c) requires, nor does it comport with well-establish rules for summary-judgment practice in Texas. *See Black*, 797 S.W.2d at 27 (requiring summary-judgment movants to identify applicable cause of action and its elements).

Further, this case does not fit within any harmless-error exception. When the John Borden Heirs filed their motion for summary judgment on October 24, 2018, they had asserted *no* claims or defenses. It was not until their amended answer, filed on March 1, 2019, that the John Borden Heirs first asserted the crossclaims they now contend form the basis of the trial court's judgment. But here, granting affirmative relief would have been proper only if: (1) the John Borden Heirs had amended their motion for summary judgment after asserting their crossclaims; or (2) when the

6

John Borden Heirs filed their motion for summary judgment, they had asserted claims based on facts broad enough to encompass their later amended claims. Neither situation applies.

To accept the John Borden Heirs' argument—*i.e.*, that their failure to amend their motion for summary judgment was harmless—would expand this limited exception to include cases in which there are *no* claims asserted when a party lodges its summary-judgment motion. But the current standard is not onerous: While summary-judgment grounds may be stated "concisely, without detail and argument," they must at least be stated in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993)(quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ denied)("There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he seeks to win a lawsuit without a trial.")). Indeed, "[i]f the grounds are so obvious from the summary judgment proof, what is burdensome about requiring the movant to state them in the motion?" *Id.* (quoting *Roberts*, 811 S.W.2d at 146). Appellate courts "cannot 'read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment].'" *Id.* at 343 (cleaned up). These rules are "simple, equitable, and prevent the confusion that results when parties fail to expressly present grounds and issues entitling or defeating entitlement to summary judgment." *Id.*

Because the John Borden Heirs' motion for summary judgment was insufficient to meet what Rule 166a(c) requires, it should have been denied on that basis.

Issue One is sustained.[2]

## CONCLUSION

---

[2] In Issue Two, the Courtney Borden Heirs ask us to reverse the trial court's denial of their partial motion for summary judgment. However, in the alternative, they request we reverse the trial court's final judgment and remand for further proceedings. Given our conclusion on Issue One, we find their request for alternative relief—*i.e.*, remand—more appropriate.

For the above reasons, we reverse the trial court's grant of the John Borden Heirs' summary judgment. We remand the case for further proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

November 30, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.